IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin George, Sr., | ) | C.A. No. 4:21-cv-2787-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| vs. | ) | |
| | ) | |
| Florence One Schools, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 47.) Plaintiff Kevin George, Sr. ("Plaintiff" or "George") filed this action alleging claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, as amended, and under 42 U.S.C. § 1981[2] ("Section 1981") against Defendant Florence One Schools ("Defendant" or "Florence One" ). (DE 1.)

On July 1, 2022, Defendant filed a Motion for Summary Judgment seeking to dismiss Plaintiff's Title VII discrimination and retaliation claims. (DE 35.) On July 15, 2022, Plaintiff responded to Defendants' Motion for Summary Judgment. (DE 37.) Defendant filed a reply on July 29, 2022. (DE 41.) On January 10, 2023, the magistrate judge issued the Report,

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2]     On June 17, 2022, this Court adopted an earlier Report and Recommendation that dismissed Plaintiff's Section 1981 cause of action. (DE 34.)

recommending this Court grant Defendant's Motion for Summary Judgment (DE 35) as to Plaintiff's Title VII retaliation claim and Title VII discrimination claim. (DE 47.) However, the Report recommends denying summary judgment on Plaintiff's discrimination claim based on his June 2020 application for an assistant principal position at South Florence High School. Accordingly, for the reasons stated below, the Court adopts the Report and grants in part and denies in part Defendants' Motion for Summary Judgment, as provided herein.

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates herein without a complete recitation. However, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary.

Plaintiff has been employed with the District since August 2001. (DE 35-2.) From 2001 through 2014, Plaintiff worked as a special education and science teacher at Wilson High School. In 2014, he transferred to the District's alternative school, Alfred Rush Academy ("Rush" or "Rush Academy"), to teach science. In 2017, he applied for the open position of Assistant Director of Rush Academy for the 2018-19 school year. (Id.) For that position, Plaintiff was interviewed by the then-Director at Rush, Mr. Kennedy, and the then-District Director of Secondary Education, Dr. Kelvin Wymbs. (DE 35-3, pp. 58-59.) In May 2017, Plaintiff was offered the position and accepted it. (DE 35-4.) Plaintiff became an assistant principal at Wilson High School in 2021.

In May 2020, Plaintiff applied for the principal position at Moore Middle School. Plaintiff estimated that, for the 2020-21 school year, Moore would have had approximately 700 students. (DE 35-3, pp. 81-83.) Plaintiff was not interviewed for that position. (DE 35-3, p. 83.) April Leroy, a White female who had been an assistant principal at Sneed Middle School, was chosen for the Moore Middle School Principal position. In his deposition, Superintendent O'Malley noted

Leroy had been working at Sneed, a school comparable in size to Moore. (DE 35-5, pp. 32-35.) As pointed out by Plaintiff, in the District's counsel-prepared Position Statement to the Equal Employment Opportunity Commission ("EEOC") related to Plaintiff's Charge of Discrimination, the District indicated Superintendent O'Malley "had experience working with Ms. Leroy in the past and was impressed with her professionalism and capabilities." (DE 38-18.) However, the District characterized Plaintiff's experience at Rush Academy as "very different from and inferior to that of Ms. Leroy[.]" (Id.)

In early June 2020, the District posted an opening for an assistant principal at South Florence High School ("SFHS"). SFHS Principal Shand Josey ("Josey") (White female), Gregory Dukes (SFHS Assistant Principal, Black male), and Shemeika Nero (SFHS Assistant Principal, Black female) served as the interview panel for this position. (DE 35-8, ¶ 3.) On Tuesday, June 16, 2020, the panel interviewed two candidates. On Monday, June 22, 2020, they interviewed three additional candidates, one of whom was chosen to be recommended for hire. The interview panel recommended Mrs. Joni Bown ("Bown") for the position, and the offer was made to her on Tuesday, June 23, 2020. (DE 35-8, ¶¶ 4-6.) Plaintiff submitted his application for the position on June 25, 2020, three days after final interviews were held and two days after the offer was made to Bown. (DE 35-8, ¶ 7, DE 35-9.) Josey indicated that Plaintiff was not interviewed because the position had been filled when he applied. (DE 35-8, ¶ 7.) As noted by Plaintiff, in the District's Position Statement to the EEOC/SCHAC, the District did not mention the tardiness of Plaintiff's application. Rather, Defendant indicated Plaintiff "did not have the requisite skill set needed to fulfill the instructional assistant principal position and thus, he was not interviewed[,]" and he was less qualified than Bown, the candidate who was hired. (DE 38-18, pp. 2-3.)

In August 2020, Defendant transferred Daniel Humber, a White male, into the position of Assistant Principal of SFHS without advertisement and without allowing anyone to interview for the job. (DE 38-18, p. 3.) The District indicated the position was not advertised because it "was not an opening the District had but rather was created based on the needs of the District as a result of the COVID-19 pandemic and the realigning of students from the Career Center [where Humber had been the assistant principal] to SFHS." (Id.) The District noted Humber's prior experience as a band director "fit with the arts background of SFHS, which is a designated school for the arts in the District." (Id.)

On November 9, 2020, Plaintiff filed an Amended Charge of Discrimination with the EEOC and SCHAC, alleging race and gender discrimination for not having been chosen for the above-referenced principal and assistant principal positions. (DE 35-10.) Plaintiff contends that less qualified White females filled both positions. (Id.) The Charge also indicates he recently learned of the "internal transfer of an Assistant Principal (White male) to a vacant Assistant Principal position, without either of the vacancies being announced." (Id.) Plaintiff's Charge also makes reference to having contacted the District's Chief Officer of Human Resources ("HR"), Nathaniel Marshall (White male), to complain about an interaction with Ashley Watson, Director of Recruitment and Certification (White female), concerning his applications. Plaintiff indicates his concerns were not addressed. (Id.)

After an investigation, SCHAC issued its Dismissal and Notice of Right to Sue based on a no-cause finding. (DE 35-11.) On May 28, 2021, the EEOC issued its Dismissal and Notice of Rights adopting the findings of SCHAC. (DE 35-12.) Accordingly, Plaintiff filed the instant litigation on August 27, 2021.

## DISCUSSION

On January 24, 2023, Defendant and Plaintiff filed objections to the Report.  (DE 48, DE 49.)  However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object."  Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Defendant objects to two conclusions of the Report: (1) on page 17, finding that Plaintiff provided sufficient evidence of a prima facie case of discrimination, and (2) on pages 22 through 26 that Plaintiff provided sufficient evidence of pretext to survive summary judgment as to the failure to promote claim related to the June 2020 South Florence High School Assistant Principal position ("AP" position).  (DE 48, pp. 1-2.)  Alternatively, as to Plaintiff, upon review, the Court

finds that some of Plaintiff's objections are non-specific or merely restate his arguments.[3] However, the Court has identified the following specific objections, which will be addressed herein. First, Plaintiff objects to the Report claiming that the SCHAC/EEOC file is hearsay and inadmissible. (DE 49, p. 4.) Although the objection does not specify which file, Plaintiff argues "that Government reports are generally admissible under the public records exception of Rule 803(8)." (DE 49, p. 4.) Further, Plaintiff contends that "the sworn statements of witnesses in the course of a discrimination investigation are Records kept in the course of regularly conducted activity of a business." (Id. citing Rule 803, Fed. R. Evid.) The Report states:

> Defendant also seeks to exclude as 'hearsay within hearsay' the interview notes made by Martin Samuels, SCHAC Investigator, when interviewing two witnesses, Dr. Nikia Burks and Myron Frieson. Pl. Ex. AA, ECF No. 38-26. The court agrees. The investigator's notes include questions from Samuels and notes as to how the witnesses responded. This is classic inadmissible hearsay in this format.

(DE 47, p. 13.) This Court agrees. Plaintiff's proffered evidence is interview notes, not an agency's decision. See Chandler v. Roudebush, 425 U.S. 840, 863 n. 39, 96 S. Ct. 1949, 48 L. Ed. 2d 416 (1976) ("[I]t is well settled that a district court may find *determinations* made by the Equal Employment Opportunity Commission ('EEOC') admissible under Rule 803(8) as long as the circumstances do not indicate a lack of trustworthiness.") (emphasis added). Therefore, the Public Records exception does not apply here. Moreover, Plaintiff has not complied with the business records exception in Rule 803(6), Fed. R. Evid., for the exception to apply because he has not offered a records custodian or certification for the file that complies with Rule 902, Fed. R. Evid. Therefore, Plaintiff's objection is overruled.

---

[3]    For instance, "Plaintiff also objects that all of his job applications or qualifications fail except his application for South Florence Assistant Principal[,]" (DE 49, p. 6) is nonspecific and, therefore, not addressed herein.

Next, Plaintiff objects to the Report's finding that the retaliation claim fails. (DE 49, p. 7.) To establish a prima facie case of retaliation under the McDonnell Douglas approach, Plaintiff must demonstrate: "'(1) []he engaged in a protected activity, (2) the employer acted adversely against h[im], and (3) there was a causal connection between the protected activity and the asserted adverse action.'" Walton v. Harker, 33 F.4th 165, 177 (4th Cir. 2022). Plaintiff points to the fact that "[he] filed an Amended Charge of Discrimination November 9, 2020[,] and received a right to sue letter from the EEOC dated May 28, 2021. And in June 2021, he was not considered for the promotion from Assistant Director of Rush to Director of Rush." (DE 49, p. 8.) To that end, Plaintiff states, "[a]s for whether a causal connection existed between the protected activity and the adverse action, a temporal proximity between the two might at least create a question of fact." (Id. at 8.) This Court disagrees. Notwithstanding the speculative nature of this objection, the Report comprehensively addresses this claim and finds that "Plaintiff has proffered no evidence that anyone on the interview panel for the Rush Academy Director position was aware of Plaintiff's EEOC activity." (DE 47, p. 27.) Although the objection overlooks this finding as a sustaining ground for dismissal of the claim, the Report, nevertheless, considered Plaintiff's additional causation-related argument. The Report found that:

> The case law is clear that the relevant date is the date the employer became aware of the protected activity. Dowe, 145 F.3d at 653. As noted above, it is far from a given that any relevant decisionmaker ever had awareness of Plaintiff's EEOC Charge. As a practical matter, however, it is not realistic to infer that Defendant first became aware of the Charge on the date the EEOC dismissed it and gave Plaintiff the right to sue. Defense counsel submitted the Position Statement to the EEOC on December 29, 2020. Construing all dates in Plaintiff's favor, at the very latest, Defendant was aware of the Charge by the end of December 2020. This six-month lapse between knowledge of activity and the adverse action typically would not be sufficient to allow an inference of causation. See Pascual, 193 F. App'x at 233 (finding a span of 'at least three to four months' was 'too long to establish a causal connection by temporal proximity alone.'). In Roberts, the Fourth Circuit acknowledged there was not a 'bright-line rule' for temporal proximity, but

collected cases in which lapses shorter than three months were insufficient. Roberts, 998 F.3d at 128.

(DE 47, p. 29.)  Accordingly, this objection is overruled.

Turning to Defendant's objections, first, Defendant objects to the Report's finding that Plaintiff provided sufficient evidence of a prima facie case of discrimination because Defendant contends Plaintiff cannot show that he was "rejected under circumstances giving rise to an inference of discrimination." (DE 48, p. 3.)  This argument is derived from Defendant's contention that Plaintiff has not shown that Ms. Bown was less qualified than he was for the position, which was also raised in Defendant's summary judgment motion.  (DE 47, p. 16, citing DE 35, p. 7.)  To establish a prima facie case of discrimination in the failure-to-promote context, Plaintiff must demonstrate the following: (1) he is a member of a protected class; (2) he applied for a specific position for which he was qualified; and (3) his non-selection occurred under circumstances giving rise to an inference of discrimination.  See Williams v. Giant Food Inc., 370 F.3d 423, 430 (4th Cir. 2004).  "Evidence that the position was filled with an applicant outside Plaintiff's protected classes is sufficient to give rise to an inference of discrimination."  Denis v. Horry Cnty. Police Dep't., No. 4:20-CV-3849-JD-TER, 2022 WL 4181042, at *6 (D.S.C. June 28, 2022) (citing Amirmokri v. Baltimore Gas & Elec. Co., 60 F.3d 1126, 1129 (4th Cir. 1995), report and recommendation adopted sub nom. Denis v. Horry Cnty. Police Dep't., No. 4:20-CV-3849-JD, 2022 WL 3357883 (D.S.C. Aug. 15, 2022)); see also Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994) ("To satisfy the fourth prong, [Plaintiff] need only show that the position was filled by a white applicant, as he has done.").  Here, Defendant does not contest that Plaintiff was qualified for these positions, and it is undisputed that white females filled the Moore and SFHS positions.

Further, Defendant offers no authority to refute an inference of discrimination identified in the Report.[4]  Therefore, Defendant's objection is overruled.

Next, Defendant objects to the Report's finding that Plaintiff provided sufficient evidence of pretext to survive summary judgment as to the failure to promote a claim related to the June 2020 SFHS AP position.  Defendant contends that "the only evidence of alleged pretext is the Defendant's presentation of different reasons for its decision to not interview Plaintiff for the AP position, and Plaintiff cannot show that either reason is false."  (DE 48, p. 4.)  Consequently, the Report found that "Defendant has met its burden of production of providing legitimate, nondiscriminatory reasons for the hiring of other candidates[,]" noting "similarly appropriate is declining to promote Plaintiff because the position had been filled by the time he applied."  (DE 47, p. 19.)  Nevertheless, the Report highlights Plaintiff's argument that the Bown hiring was, in fact, pretextual "based primarily on the inconsistent reasons given for his nonselection to be interviewed or hired, . . . [and] that Bown, a 'former instructional coach with less credentials and education than Plaintiff,' was less qualified than he for the SFHS assistant principal position."  (DE 47, p. 22.)  The Report also notes that "nowhere in its briefs does Defendant discuss or compare the relative qualifications of Bown and Plaintiff."  (Id.)  In addition, the Report correctly states the Fourth Circuit has noted that a different explanation for an adverse action, provided at different times, is "in and of itself, probative of pretext."  EEOC v. Sears Roebuck and Co., 243 F.3d 846, 852–53 (4th Cir. 2001).  This inference can be drawn not only when an employer provides

---

[4]    Defendant also objects that no inference of discrimination can be established for the June 2020 SFHS AP position given to Bown because she was offered the job before Plaintiff applied.  While Plaintiff does not dispute this fact, he does point to other evidence offered by Defendant that contradicts its hiring decision (i.e., "Dr. George did not have the requisite skill set needed to fill the instructional assistant principal position and thus, he was not interviewed.").  Therefore, an inference of discrimination is established, and the Court overrules this objection.

different explanations at different times but also when the explanations appear inconsistent.  See Fox v. Leland Volunteer Fire/Rescue Dep't, Inc., 648 F. App'x 290, 294 (4th Cir. 2016).

Consequently, Defendant's objection centers on the credibility of its inconsistent statements and Defendant's attempt to distinguish two cases cited in the Report as additional grounds to deny summary judgment.  (See DE 47, pp. 25-26, citing McFadden v. Stahl Crane Sys., Inc., No. 2:13-CV-03039-DCN, 2017 WL 1190870, at *9–10 (D.S.C. Mar. 31, 2017), Wilson v. Genesis Healthcare, Inc., No. 4:17-CV-3318-RBH-TER, 2019 WL 3208842, at *6 (D.S.C. July 1, 2019).  This Court is not persuaded by Defendant's attempt to distinguish its motive for the inconsistent statement as a basis for summary judgment because, as the Report underscores, "[t]he change of the reason suggests pretext."  (DE 47, p. 25.)  Ultimately, when the facts are viewed in the light most favorable to Plaintiff, a reasonable juror could find that Defendant offered an explanation for its actions that conflicts with the record and its own subsequent explanation. Therefore, based on the record before the Court, Defendant's objection is overruled because Plaintiff has set forth evidence sufficient to survive summary judgment.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 47) as modified herein and incorporates it by reference.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment (DE 35) is granted as to Plaintiff's Title VII discrimination and retaliation claims, except as to Plaintiff's discrimination claim based on his June 2020 application for an assistant principal position at South Florence High School.

**IT IS SO ORDERED**.

Florence, South Carolina
February 16, 2023

Joseph Dawson, III
United States District Judge